IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., : | |
| Plaintiff, : | Case No. C2:04-cv-935 |
| v. : | Judge Marbley |
| GARY KING, : | Magistrate Judge Abel |
| Defendant. : | |

### REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Plaintiff Directv, Inc.'s January 31, 2005 motion for default judgment against Defendant Gary King (doc. 8). Directv, Inc. ("Directv") brings this action pursuant to the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.* A hearing was held on March 11, 2005 regarding Directv's motion for default judgment; King did not appear.

Directv requests that this Court award statutory damages of $10,000 for each pirate access device purchased and possessed by King, in violation of 18 U.S.C. §§ 2511(1)(a) and 2520(c)(2), and 47 U.S.C. §§ 605(a) and 605(e). Directv also seeks reasonable attorney's fees and costs.

**I. Facts.**

When a defendant is in default, the factual allegations in the complaint, except for those relating to liability are taken as true. *See* Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d 1998) and Fed. R. Civ. P. 8(d).

1

Directv encrypts its satellite transmissions to prevent unauthorized viewing of its satellite television programming.  King purchased and used an illegally modified Directv access card and/or other electronic device ("pirate access device").  Specifically, King purchased a printed circuit board device called a loader.  (Sichler Aff., p. 10). These devices are used to view Directv programing without Directv's authorization. (Compl., ¶ 7; Sichler Aff., pp. 10-11).  King purchased one pirate access device from Easybuy2000.com.  He used interstate or foreign wire facilities to place the order, and the device was shipped through the United States Postal Service or commercial mail carriers.  (Compl., ¶ 7).

On or before December 16, 2002, King began using the pirate access device to intercept Directv's satellite signal.  King viewed Directv's programming until at least April 30, 2004, without authorization and without making payment to Directv.  (Sichler Aff., p. 15).  Directv maintains that they have suffered actual damages because of King's interception of Directv's satellite signal.  However, Directv is seeking statutory damages based on King's purchase and use of the pirate access device.  Directv is also seeking reasonable attorney's fees and costs incurred for bringing this action.

**II. Discussion.**

18 U.S.C. § 2511(1)(a) subjects any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" to criminal liability.  18 U.S.C. § 2511(1)(a) also provides for civil relief.

> (b) Relief. - - in an action under this section, appropriate relief includes - -
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;

2

    (2) damages under subsection (c) and punitive damages in appropriate cases; and
    (3) a reasonable attorney's fee and other litigation costs reasonably incurred.
  (c) Computation of damages. . . .
    (2) In any other action under this section, the court may access as damages whichever is the greater of - -
    (A) the sum of actual damages suffered by the plaintiff and any profits made by violator as a result of the violation; or
    (B) statutory damages of whichever is the greater of $100 a day for each day of the violation or $10,000.

18 U.S.C. § 2520(b)- (c).

In *Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999), the Sixth Circuit set out the framework for awarding statutory damages pursuant to 18 U.S.C. § 2520(c)(2):

(1) first, the court should determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any;[1]

(2) next, the court should determine the number of days that the statute was violated, and multiply that number by $100;[2]

(3) the court should then, tentatively, award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award;[3]

(4) in the final step, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all.[4]

On similar facts, courts have found that granting $10,000 in damages is

---

[1] *See* 18 U.S.C. § 2520(c)(2)(B).

[2] *See* 18 U.S.C. § 2520 (c)(2)(B).

[3] *See* 18 U.S.C. § 2520(c)(2)(B).

[4] *See* 18 U.S.C. § 2520(c)(2).

3

excessive. See *DIRECTV, Inc. v. Kaas*, 294 F. Supp. 1044 (N.D. Iowa 2003); *DIRECTV, Inc. v. Malizie, et al.*, No. 03-cv-403S (W.D.N.Y. Mar. 15, 2004); *DIRECTV, Inc. v. Hamilton and Salej*, 215 F.R.D. 460 (S.D.N.Y. May 6, 2003). *But see DIRECTV, Inc. v. Braun*, 2004 WL 288805, at *2 (D. Conn. Feb. 9, 2004). Rather than imposing damages in accordance with 18 U.S.C. § 2520(c), some courts have elected to impose damages under the FCA. *See, e.g., Malizie*, No. 03-cv-403S; *Kaas,* 294 F. Supp. 2d at 1049 (stating that "[t]he court therefore exercises its discretion to award no damages under 18 U.S.C. § 2520(c)(2), and awards DIRECTV the minimum damages of $1,000 under 47 U.S.C. § 605(e)(3)(C)(ii).").

On the other hand, the FCA authorizes courts to award statutory damages of not less than $1,000 but no more than $10,000 for each violation of section 605(a) of the FCA. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). A violation of section 605(a) occurs when a person receives or assist another in receiving the unauthorized reception of "radio communications." 47 U.S.C. § 605(a).

Directv concedes that the per diem damages are less than the $10,000 statutory damages authorized by the ECPA. Jaime Sichler is an employee of Directv and works on their anti-piracy efforts. The uncontroverted Sichler affidavit states that King purchased one pirate access devices in violation of the ECPA. (Sichler Aff., pp. 10-11). Without Directv's authorization, for at least 16 months, he used the device to intercept Directv programming. (Sichler Aff., p. 15). Therefore, it is within this Court's discretion to award $10,000 in statutory damages.

4

Although a court might find an award of $10,000 excessive on these facts, King was given an opportunity to appear at a hearing on the motion for default judgment. This gave him the chance to offer evidence that would show that an award of $10,000 would be excessive. See Feb. 22, 2005 Order (doc. 9). As already stated, King did not appear.

As authorized by the ECPA, Directv also asks this Court for an award of reasonable attorney's fees and costs incurred for bringing this action. Wallace's affidavit states that Directv incurred reasonable attorney's fees and costs in the amount of $1,058. (Wallace Aff., ¶ 5).

### III.  Conclusion.

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that Plaintiff Directv, Inc.'s January 31, 2005 motion for default judgment against Defendant Gary King (doc. 8) be **GRANTED** and **JUDGMENT** be entered in the amount of $11,058.00.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.

*See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                              /s/ Mark R. Abel  
                                              United States Magistrate Judge